R. JASON READ, State Bar No. 117561
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Jason@rjlaw.com
Elise@rjlaw.com

Attorneys for Plaintiff
MM USA, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MM USA, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>RI. PI. RAM, INC., a Nevada corporation; ALVARO RAMIREZ, an individual; RAUL A. RAMIREZ, an individual; JOHN RIVERA, an individual; MANUEL RICHARD PINON, an individual,<br><br>Defendants. | CASE NO. 09-cv-8629 RGK (VBKx)<br><br>[~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION<br><br>NOTE CHANGES MADE BY THE COURT. |

Upon review of the Complaint of Plaintiff MM USA, INC. ("MM USA" or "Plaintiff") on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

IT IS HEREBY ORDERED that Defendants RI. PI. RAM, INC., a Nevada corporation ("Ri Pi Ram") and MANUEL RICHARD PINON, an individual ("MP"), (collectively referred to as "Defendants") appear in Courtroom 850 of the U.S. District Court for the Central District of California, Los Angeles Division, ~~312 North Spring~~ 255 E. TEMPLE ST.

1

1  Street, Los Angeles, CA 90012-4701 on  Dec. 10  , 2009, at 9:00 a.m., or as
2  soon thereafter as the matter may be heard, then and there to show cause, if any they
3  have, why they, their agents, bankers, subsidiaries, successors, assignees, principals,
4  employees, attorneys, and representatives should not be restrained and preliminarily
5  enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of
6  Civil Procedure, from engaging in, committing, or performing directly and indirectly, any
7  and all of the following acts:

    A.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

    B.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

    C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

~~IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $148,967.27, the amount of the PACA Trust principal owing to Plaintiff, plus finance charges accrued through Tuesday, November 24, 2009, in the amount of $13,323.23, plus reasonable attorney's fees in the amount of $4,725.00, plus filing fees of $350.00, making in all the sum of $167,365.50 due as of the date hereof.~~

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

1  successors, assignees, principals, attorneys, and persons acting in concert with them shall
2  be and hereby are prevented from transferring, withdrawing or in any other manner
3  removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,
4  including funds on deposit in banking accounts held by or on behalf of Defendants
5  Ri.Pi.Ram, Inc. or Pinon, from Defendants' banking accounts, including but not limited
6  to Defendant Ri.Pi.Ram's accounts held at Bank of America, account number 07347
7  68608, located at 2690 Hamner Avenue, Norco, California 92860, and any other accounts
8  subsequently discovered to be standing in said Defendants' names or either of them.

9  IT IS FURTHER ORDERED that pending the hearing and determination of the
10 foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,
11 agents, or representatives, shall be preliminarily enjoined from engaging in, committing,
12 or performing directly and indirectly, any and all of the following acts:

13 D.    Removing, withdrawing, transferring, assigning or selling to any other
14 person or entity, the proceeds from the sales of any or all existing or future inventories of
15 food or other products derived from perishable agricultural commodities, and/or receipts
16 of payment for products or crops sold prior to the date of this order and/or otherwise
17 disposing of assets, books or funds;

18 E.    Taking any other action whatsoever which causes, has the effect of causing,
19 or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

20 F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
21 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural
22 Commodities Act ("PACA)].

23 IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to
24 promptly deposit the sums described above, Defendants shall be and hereby are required
25 and ordered to:

26 G.    Immediately account to the Court and Plaintiff for all assets of the PACA
27 trust from commencement of Defendants' business through the date of this Order.

28

H.   Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.   Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J.   File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement

1  of this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow
2  inspection and copying of the books and records of said Defendants by Plaintiff or its
3  representatives at Defendants' place of business.
4        IT IS FURTHER ORDERED that pending the hearing and determination of the
5  foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to
6  depose, under oath, at reasonable times and places, upon at least 48 hours notice,
7  Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,
8  employees, agents and accountants concerning any matter pertaining to any accounting
9  due pursuant to this Order, any books or records which Plaintiff is entitled to inspect
10 under this Order, the trust assets or any of Defendants' business assets, and/or
11 Defendants' business practices, procedures or operations from commencement of
12 Defendants' business activities.
13       IT IS FURTHER ORDERED that Plaintiff may immediately take whatever steps
14 are reasonably necessary to mitigate Plaintiff's damages by selling current inventory of
15 fresh produce previously sold to Defendants but for which Defendants have not paid
16 Plaintiff, all such sales proceeds to be applied to Defendants' account.
17       ~~IT IS FURTHER ORDERED that Bank of America release information about the
18 above-described account including the amounts contained in the account.~~
19       IT IS FURTHER ORDERED that no bond shall be required to be posted by
20 Plaintiff before the Temporary Restraining Order is effective.
21       IT IS FURTHER ORDERED that Plaintiff shall serve Defendants with copies of
22 this Order and all pleadings and other papers in support of the Order on or before
23 _Dec. 2_, 2009 by Federal Express with verification of receipt. Defendants shall file
24
25
26 ///
27 ///
28 ///

5

1  an Opposition, if any, to the Order to Show Cause on or before **12** p.m. on
2  **Dec. 7**, 2009, and shall personally serve Plaintiff's counsel with a copy of said
3  Opposition by said deadline. Plaintiff shall file and serve a Reply to Defendants'
4  Opposition, if any, on or before **4:00** p.m. on **Dec. 8**, 2009. The OSC
5  re: Preliminary Injunction will be taken under
6  submission. No appearances necessary.
7  DATED: **NOVEMBER 30**, 2009                    _____
                                                     U.S. DISTRICT COURT JUDGE